IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED PAUL GALAZ, ) <br> ) <br> Petitioner, ) <br> v. ) <br> ) <br> C. HARRISON, ) <br> ) <br> ) <br> Respondent. ) <br> ) <br> _____ ) | 1:04-cv-05383-TAG-HC <br><br> ORDER DENYING <br> CERTIFICATE OF <br> APPEALABILITY <br><br> ORDER DENYING <br> PETITIONER'S REQUEST FOR <br> JUDICIAL NOTICE (Doc. 47) |

   Petitioner is a state prisoner proceeding pro se in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  On April 6, 2005, upon consent of all parties, the case was referred to the Magistrate Judge for all purposes.  (Doc. 24).

   On March 27, 2007, the Magistrate Judge issued a final order denying with prejudice the instant petition for writ of habeas corpus.  (Doc. 42).  On the same date, the Clerk of Court entered judgment in favor of Respondent and against Petitioner.  (Doc. 43).  Almost six weeks later, Petitioner filed a motion for an extension of time to object to the Court's order of March 27, 007.  (Doc. 44).  On May 23, 2007, the Court denied Petitioner's motion because there is no provision for filing objections to a final order of a Magistrate Judge when she is handling the case for all purposes.  (Doc. 45).  Despite this, Petitioner filed objections to the final order of March 27, 2007 (Doc. 46), as well as a motion for judicial notice of circumstances beyond his control.  (Doc. 47).   On June 22, 2007, Petitioner filed a notice of appeal of the Court's order.

(Doc. 48). The notice of appeal contained a request for issuance of a certificate of appealability. (Id.).

The requirement that a petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues, while at the same time affording petitioners an opportunity to persuade the Court that, through full briefing and argument, the potential merit of claims may appear. Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000). However, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>    (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Accordingly, final orders issued by a federal district court in habeas corpus proceedings are reviewable by the circuit court of appeals, and, in order to have final orders reviewed, a petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253. This Court will issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, Petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to

deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find it debatable that Petitioner has not shown an entitlement to federal habeas corpus relief. In light of the Court's ruling, Petitioner's request for judicial notice is moot.

## ORDER

Accordingly, the Court hereby ORDERS as follows:

1. Petitioner's request for a certificate of appealability (Doc. 48), is DENIED;
2. Petitioner's motion for judicial notice of circumstances beyond Petitioner's control (Doc. 47), is DENIED as MOOT.

IT IS SO ORDERED.

Dated: **June 26, 2007**          /s/ Theresa A. Goldner
                                   UNITED STATES MAGISTRATE JUDGE

3